JAMES D. BOYLE, ESQ. (NBN 08384)
E-mail: jboyle@nevadafirm.com
JOANNA M. MYERS, ESQ. (NBN 12048)
E-mail: jmyers@nevadafirm.com
HOLLEY DRIGGS
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:    702/791-0308

Stephen M. Dorvee, Esq. (Admitted Pro Hac Vice)
Morgan E.M. Harrison Esq. (Admitted Pro Hac Vice)
ARNALL GOLDEN GREGORY LLP
171 17th Street, N.W., Suite 2100
Atlanta, Georgia 30363
Telephone: (404) 873-8500
Facsimile: (404) 873-8501
Email: *stephen.dorvee@agg.com*
Email: *morgan.harrison@agg.com*

*Attorneys for Plaintiff and Counter-Defendant*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ADVANTA-STAR AUTOMOTIVE RESEARCH CORPORATION OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MADSEN HOLDINGS, LLC D/B/A MADSEN MARKETING & PR; TIGER MOTORS LV, INC. D/B/A INFINITI OF LAS VEGAS; INFINITI AND BEYOND, LLC D/B/A INFINITI OF NORTHERN KENTUCKY; and BRITTANY MADSEN, an individual,<br><br>Defendants. | CASE NO.:   2:21-cv-00026-RFB-BNW<br><br>**REVISED [PROPOSED] DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**(Special Scheduling Review Requested)** |
| MADSEN HOLDINGS, LLC D/B/A MADSEN MARKETING & PR; and BRITTANY MADSEN, an individual,<br><br>Counterclaimants,<br><br>v.<br><br>ADVANTA-STAR AUTOMOTIVE RESEARCH CORPORATION OF AMERICA,<br><br>Counter-Defendant. | |

- 1 -

Pursuant to LR IA 6-2, LR II 7-1, LR II 26-1, and the Court's Minute Order entered on April 15, 2021 (ECF No. 29), Plaintiff and Counter-Defendant Advanta-STAR Automotive Research Corporation of America ("Plaintiff"), Defendants and Counterclaimants Madsen Holdings, LLC d/b/a Madsen Marketing & PR and Brittany Madsen (together, the "Madsen Defendants"), and Defendant Tiger Motors LV, Inc. d/b/a Infiniti of Las Vegas ("Defendant Tiger Motors", and together with the Madsen Defendants, the "Defendants") (collectively, the "Parties"), by and through their respective undersigned counsel of record, hereby submit this Revised [Proposed] Discovery Plan and Scheduling Order.

### A. Procedural Posture:

Plaintiff's Complaint was filed on January 6, 2021 (ECF No. 1). Defendant Tiger Motors filed an Answer to the Complaint on February 5, 2021 (ECF No. 11). Plaintiff and the Madsen Defendants jointly requested an extension of the Madsen Defendants' time to respond to the Complaint, which this Court granted (ECF No. 16). Thereafter, the Madsen Defendants filed an Answer and Counterclaim on March 5, 2021 (ECF No. 17). Plaintiff answered the counterclaims on March 26, 2021 (ECF No. 26).

Plaintiff served Defendant Infiniti and Beyond, LLC d/b/a Infiniti of Northern Kentucky ("Defendant Infiniti of Northern Kentucky") on January 13, 2021. Defendant Infiniti of Northern Kentucky did not file an Answer or otherwise respond to the Complaint, and on March 19, 2021 Plaintiff filed an Application for Clerk's Entry of Default against Defendant Infiniti of Northern Kentucky (ECF No. 25). The Clerk entered Default against Defendant Infiniti of Northern Kentucky on April 6, 2021 (ECF No. 27).

### B. Rule 26 Conference:

On March 18, 2021, counsel for the Parties participated in a telephonic conference pursuant to Fed. R. Civ. P. 26(f) and LR II 26-1(a) (the "Rule 26 Discovery Conference"). Present for this conference were: (1) James D. Boyle and Kendall Lovell of Holley Driggs, and Stephen M. Dorvee of Arnall Golden Gregory LLP, on behalf of Plaintiff; (2) Erik J. Foley of Lewis Roca Rothberger Christie LLP on behalf of Defendant Tiger Motors; and (3) Jonathan W. Fountain of Howard & Howard Attorneys PLLC on behalf of the Madsen Defendants.

C. **Requested Special Scheduling Timeframe:**

Pursuant to LR II 26-1(a), the Parties hereby request a discovery timeframe that exceeds the standard scheduling deadlines set forth in LR II 26-1(b). The Parties respectfully suggest that the following explanations provide a good faith and reasonable justification for establishing a longer time period for discovery in this multi-party litigation.

Initially, the Parties agreed during the Rule 26 Discovery Conference to set a discovery cutoff deadline from the date that the Madsen Defendants filed their Answer—March 5, 2021, which was set by Stipulation and Order of this Court—rather than from the date that Defendant Tiger Motors filed its Answer (February 5, 2021). The consensus on this point was based on a belief that Plaintiff and the Madsen Defendants should have a full and fair timeframe in which to complete discovery that would not be unnecessarily restricted by measuring the discovery window based on the earlier date attributable to the date Defendant Tiger Motors filed its Answer. In addition, the Parties wanted to ensure that all claims, defenses, and counterclaims were fully framed prior to the commencement of discovery.

Furthermore, the Parties agreed that discovery in this action—which largely is based upon copyright infringement issues—would necessitate requests for documentation from the United States Copyright Office. At present, this federal office is significantly impacted by the COVID-19 pandemic and such impacts are particularly acute as to processing delays for service of subpoenas and obtaining responsive documents and materials. *See* https://www.copyright.gov/coronavirus/. The Parties also recognized that expert witness analysis and reports based upon copyright infringement issues, including the receipt and processing of documentation and information from the U.S. Copyright Office, would likewise be adversely impacted by processing delays attributable to the pandemic.

Thus, the Parties respectfully request that the Court grant a discovery cutoff deadline that is 325 days from the date that the Madsen Defendants filed their Answer and Counterclaims.

D. **Initial Disclosures:**

Pursuant to Fed. R. Civ. P. 26(f) and LR 26-1(a), the Parties agreed to submit their Initial Disclosures on or before March 31, 2021. Plaintiff served its Initial Disclosures on March 31,

2021. The Madsen Defendants served their Initial Disclosures on April 1, 2021. To date, Defendant Tiger Motors has not yet served its Initial Disclosures.

### E. Discovery Plan:

#### 1. Discovery Cut-Off Date:

For the good faith reasons set forth above, discovery shall be completed not later than January 14, 2022.

#### 2. Amending the Pleadings and Adding Parties:

All motions to amend the pleadings or to add parties shall be filed by October 18, 2021, which is 88 days prior to the close of discovery (the 90th day falling on the previous Saturday), pursuant to LR II 26-1(b)(2).

#### 3. Fed. R. Civ. P. 26(a)(2) Disclosures:

Initial disclosures concerning experts shall be made no later than November 15, 2021, which is 60 days prior to the close of discovery, pursuant to LR II 26-1(b)(3). Rebuttal expert disclosures shall be made no later than December 15, 2021, which is 30 days after the initial disclosure of experts, pursuant to LR II 26-1(b)(3).

#### 4. Dispositive Motions:

The deadline for filing dispositive motions shall be February 14, 2022, which is 31 days after the close of discovery (the 30th day falling on the previous Sunday), pursuant to LR II 26-1(b)(4). In the event the discovery cut-off deadline is extended, the deadline for filing dispositive motions will be automatically extended until 30 days after the new discovery cut-off date.

#### 5. Pre-Trial Order:

The deadline for filing the joint pre-trial order shall be no later than March 16, 2022, which is 30 days after the date set for filing dispositive motions, pursuant to LR II 26-1(b)(5). In the event that dispositive motions are filed, the date for filing the joint pre-trial order shall be suspended until 30 days after entry of an order on the dispositive motions or until further order of the Court.

#### 6. Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures:

Pursuant to LR II 26-1(b)(6), the disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the Joint Pre-Trial Order.

**F.  Protective Orders for Confidential Documents and/or Information:**

The Parties agree that this case will involve the disclosure of confidential business and personal information. Therefore, the Parties stipulate and agree that a protective order is warranted and will separately submit a stipulated protective order or move for entry of a protective order. The Parties further agree that the forthcoming protective order will include two tiers of confidentiality protection, providing that documents or materials produced may be designated either "Confidential" or "Highly Confidential – Attorneys Eyes Only."

**G.  Subjects of Discovery:**

The Parties agree may be taken on any subjects permitted by the Federal Rules of Civil Procedure.

**H.  Possibility of Settlement:**

The Parties have not engaged in any settlement discussions at this time.

**I.  Alternative Dispute Resolution:**

Pursuant to LR II 26-1(b)(7), the Parties discussed the possibility of using alternative dispute resolution processes in this action.

**J.  Discovery Phases:**

The Parties do not believe it necessary to conduct discovery in phases or to limit or focus discovery on particular issues.

**K.  Alternative Forms of Case Disposition:**

Pursuant to LR II 26-1(b)(8), the Parties certify that they have considered consent to trial by a magistrate judge pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, as well as the use of the Short Trial Program. The Parties do not believe that this case is appropriate for alternative forms of case disposition.

**L.  Electronic Evidence Presented to the Jury:**

The Parties verify they have discussed whether they intend to present evidence in electronic format to jurors for the purpose of jury deliberations. Discussions between the Parties will be ongoing as the trial date approaches, and the Parties stipulate that they intend to present any electronic evidence in a format compatible with the Court's electronic evidence display system.

14393-01/2583158_2.docx

**M.** **Pre-trial Conference:**

At this time, the Parties do not request a pretrial conference.

Dated this 28th day of April, 2021.                    Dated this 28th day of April, 2021.

**HOLLEY DRIGGS**                                      **HOWARD & HOWARD ATTORNEYS, PLLC**

*/s/ James D. Boyle*
JAMES D. BOYLE, ESQ.
Nevada Bar No. 08384
JOANNA M. MYERS, ESQ.
Nevada Bar No. 12048
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101

*/s/ Jonathan W. Fountain*
JONATHAN W. FOUNTAIN, ESQ
Nevada Bar No. 10351
STEVEN E. KISH, III, ESQ.
Nevada Bar No. 15257
3800 Howard Hughes Parkway, Suite 100
Las Vegas, Nevada 89169

*Attorneys for Defendants and Counterclaimants Brittany Madsen and Madsen Holdings, LLC*

Dated this 28th day of April, 2021.
**ARNALL GOLDEN GREGORY LLP**

Steven M. Dorvee, Esq. (Admitted PHV)
Morgan E.M Harrison, Esq. (Admitted PHV)
171 17th Street N.W., Suite 2100
Atlanta, Georgia 30363

*Attorneys for Plaintiff and Counter-Defendant*

Dated this 28th day of April, 2021.

**LEWIS ROCA ROTHGERBER CHRISTIE LLP**

*/s/ Erik J. Foley*
ERIK J. FOLEY, ESQ.
Nevada Bar No. 14195
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169

*Attorneys for Defendant Tiger Motors LV, Inc. d/b/a Infinity of Las Vegas*

## ORDER

Before the Court is the parties' proposed discovery plan and scheduling order. ECF No. 30. The parties seek approximately 325 days of discovery because of COVID-related delays with the copyright office. IT IS ORDERED that the parties' stipulation is DENIED. The Court finds that the parties have not established good cause for a 325-day discovery period. The parties are directed to file another proposed DPSO by 5/7/2021. The parties may seek a maximum of 9 months of discovery, measured from the date that the Madsen defendants answered.

**IT IS SO ORDERED**

**DATED:** 2:50 pm, April 30, 2021

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

14393-01/2583158_2.docx