Jonathan W. Fountain, Esq.
Nevada Bar No. 10351
Steven E. Kish, III
Nevada Bar No. 15257
HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
Tel. (702) 257-1483
Email: jwf@h2law.com
Email: sek@h2law.com

*Attorneys for Defendants*
*Madsen Holdings, LLC and Brittany Madsen*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ADVANTA-STAR AUTOMOTIVE RESEARCH CORPORATION OF AMERICA,<br><br>Plaintiff,<br>vs.<br><br>MADSEN HOLDINGS, LLC D/B/A MADSEN MARKETING & PR; TIGER MOTORS LV, INC. D/B/A INFINITI OF LAS VEGAS; AND INFINITI AND BEYOND, LLC D/B/A INFINITY OF KENTUCKY; and BRITTANY MADSEN, an individual,<br><br>Defendants. | Case No. 2:21-cv-00026-RFB-BNW<br><br>**DEFENDANTS MADSEN HOLDINGS, LLC AND BRITTANY MADSEN'S MOTION FOR LEAVE TO FILE FOUR EXCESS PAGES IN CONNECTION WITH THEIR REPLY IN SUPPORT OF <u>EMERGENCY</u> MOTION TO COMPEL** |

Defendants Madsen Holdings, LLC ("Madsen Holdings") and Brittany Madsen ("Ms. Madsen") (together, "Defendants" or "Madsen"), move the Court pursuant to Local Rule 7-3 for leave to file a reply in support of their emergency motion to compel that exceeds the twelve-page limit by 4 pages (*i.e*., a 16-page reply brief).  This motion is supported by the accompanying *Declaration of Jonathan W. Fountain in Support of Defendants Madsen Holdings, LLC and Brittany Madsen's Motion for Leave to File Four Excess Pages in Connection with its Reply in Support of Emergency Motion to Compel* (hereinafter, the "Fountain Decl.").

As set forth in the accompanying declaration, Defendants seek leave to file 4 excess pages because Defendants' pending emergency motion addresses numerous deficiencies in Plaintiff's answers to Defendants' interrogatories and requests for the production of documents.  (Fountain

1

Decl. ¶ 3.) For example, in the pending motion, Defendants seek relief with respect to Ms. Madsen's Interrogatory Nos. 6, 7, 14, 15, 16, and 19 and Madsen Holdings' Interrogatory Nos. 9, 10, 17, 18, and 21. (*Id*. at ¶ 4.) Defendants also seek an order overruling Plaintiff's objections to Defendants' Request for Production Nos. 1, 2 3, 6, 7, 8, 9, 10, 13, 14, 19, 37, 38, 39, 40, 41, 42, 47, 48, 49, 50, 51, 53, 54, 55, 57, and 58, an order overruling Plaintiff's Possession Objection asserted as to Defendants' Request for Production Nos. 16, 17, 18, 20, 21, 22, 23, 24, 30, 31, 32, 33, 34, 35, and 36, an order requiring Plaintiff to produce all documents responsive to Request Nos. 38, 39, 47, and 51, and an order requiring Plaintiff to pay the reasonable attorneys' fees and costs Defendants incurred in bringing the instant Motion. (*Id*.)

Additionally, in its opposition, Plaintiff relies extensively on its attempts to supplement its discovery responses *after* Defendants filed their pending motion. (*See* ECF Nos. 46; 46-1.) Arguments pertaining to this post-motion conduct were not—and, indeed, could not—be raised in the initial Motion. (Fountain Decl. ¶ 5.) As a result, Defendants must address whether and to what extent Plaintiff's supplemental document production has resolved issues raised by Defendants in the motion. (*Id.* ¶ 6.) Where the post-motion supplemental discovery fails to cure the deficiencies identified in the motion, Plaintiff's opposition requires Defendants to support not only its motion, but to analyze, address, and rebut Plaintiff's arguments regarding the sufficiency of the February 12 service of the supplemental production of documents and the February 13 service of supplemental responses to Defendants' Requests for Production. (*Id.* ¶ 7.) Plaintiff has, by its conduct, effectively required Defendants to litigate two different motions to compel in its reply—one as to the deficiencies in Plaintiff's July 2021 answers and responses and December 2021 production, and another to the deficiencies in Plaintiff's February 2022 supplements. (*Id.* ¶ 8.)

Defendants' counsel endeavored to draft a reply brief within twelve pages, and they were successful in cutting the reply brief from roughly 19 pages to 16. (*Id.* ¶ 9.) But counsel found that they could not further cut the length of the reply brief without sacrificing their ability to sufficiently address (1) all of the discovery requests/violations at issue in the motion; (2) Plaintiff's arguments regarding the motion; (3) Plaintiff's post-motion discovery conduct; and (4)

Plaintiff's arguments regarding the post-motion discover conduct. (*Id.*) Thus, good cause supports a modest extension of the page limit. Indeed, among other things, Defendants, within the requested 16 pages, address the nearly 200 pages of supplemental documents (Advanta-STAR_0006331–6519); compare Plaintiff's first and second productions to demonstrate the substantial duplication of vehicle comparisons in Advanta-STAR_0006331–6519 versus Advanta-STAR_000001–363; delineate the specific information requested in certain interrogatories that Plaintiff answered with a single, generic answer; correct numerous factual misrepresentations in the opposition; and specifically set forth the substantive law for Plaintiff's claims to demonstrate the importance, relevance, and propriety of Defendants' discovery requests. (*Id.* ¶ 10.)

Accordingly, Defendants respectfully request entry of an order granting Defendants leave to file a reply brief exceeding the 12-page limit by 4 pages (*i.e.*, a 16-page reply brief).

Dated: this 25th day of February 2022.

**HOWARD & HOWARD ATTORNEYS PLLC**

By: /s/ Jonathan W. Fountain
Jonathan W. Fountain, Esq. (Nevada Bar No. 10351)
Steven E. Kish III (Nevada Bar No. 15257)
3800 Howard Hughes Parkway, Ste. 1000
Las Vegas, NV  89169

*Attorneys for Defendants*
*Madsen Holdings, LLC and Brittany Madsen*

**ORDER**
**IT IS SO ORDERED**

**DATED:** 2:11 pm, February 28, 2022

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

3

## CERTIFICATE OF SERVICE

Pursuant to Rule 5(b) of the Federal Rules of Civil Procedure, I hereby certify that on February 25, 2022, I caused a true and accurate copy of the foregoing document entitled, **DEFENDANTS MADSEN HOLDINGS, LLC AND BRITTANY MADSEN'S MOTION FOR LEAVE TO FILE FOUR EXCESS PAGES IN CONNECTION WITH THEIR REPLY IN SUPPORT OF <u>EMERGENCY</u> MOTION TO COMPEL**, to be filed with the Clerk of the Court via the Court's CM/ECF system, which sent an electronic copy of the same to the following counsel of record:

>Steven M. Dorvee, Esq.
>Morgan E.M. Harrison, Esq.
>Arnall Golden Gregory LLP
>171 17th Street, N.W., Suite 1200
>Atlanta, GA 30363
>(404) 873-8500
>
>James D. Boyle, Esq.
>Joanna M. Myers, Esq.
>Holley Driggs
>400 S. Fourth Street, Third Floor
>Las Vegas, NV 89101
>(702) 791-0308

Dated: this 25th day of February 2022

/s/   Jonathan W. Fountain
A Member of Howard & Howard Attorneys PLLC